IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH – CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2008 AUG 25 A 9: 38
DISTRICT OF UTAH
BY: DEPUTY CLERK

| | |
|---|---|
| CESAR BLANCA-LEON, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 <br><br> Judge Dee Benson <br><br> Case No. 2:08-CV-182 <br> *Related Case No.* 2:05-CR-691 |

Cesar Blanca-Leon, a federal inmate appearing *pro se*, brings before the Court his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. Background

Mr. Blanca-Leon was indicted for crimes related to methamphetamine trafficking. A jury trial was held on March 6-8, 2006, and Mr. Blanca-Leon was found guilty on all counts. On June 1, 2006, Mr. Blanca-Leon was sentenced to 121 months imprisonment. Mr. Blanca-Leon subsequently filed an appeal to the Tenth Circuit, which was denied.

There are several grounds raised in support of Mr. Blanca-Leon's standard fill-in-the-blank § 2255 motion. Although difficult to understand, the grounds can be summarized as follows. First, he claims that his plea of guilty was "unlawfully induce[d]." (§ 2255 Motion, at 5.) In support of this, he discusses the disclosure of the confidential information. (*Id.*) Second, he claims that evidence was obtained pursuant to an unlawful arrest. (*Id.* at 6.) Third, he states that the government withheld evidence favorable to Mr. Blanca-Leon. (*Id.* at 8.) Fourth, he claims that evidence was obtained as a result of an unlawful search and seizure. (*Id.* at 9.) When

asked if there are any grounds in the motion that are being raised for the first time, Mr. Blanca-Leon responds, in part, that his counsel provided ineffective assistance of counsel. (*Id.* at 11.)

## II. Legal Standard

A § 2255 proceeding may not be used to raise issues that should have been raised on direct appeal. *See, e.g., United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Allen,* 16 F.3d 377, 378 (10th Cir. 1994). Claims in a § 2255 motion that could have been raised on direct appeal are procedurally barred unless the defendant "can demonstrate cause for his procedural default and prejudice suffered thereby, or that the failure to hear his claim would result in a fundamental miscarriage of justice." *United States v. Wright,* 43 F.3d 491, 496 (10th Cir. 1994). A defendant may establish cause by showing that he received ineffective assistance of counsel. *United States v. Cook,* 45 F.3d 388, 392 (10th Cir. 1995).

To prevail on a claim of ineffective assistance of counsel, the defendant must establish both that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The Defendant bears the burden of identifying specific acts or omissions that could not be considered "reasonable under prevailing professional norms." *United States v. Salazar,* 323 F.3d 852, 857 (citing *Strickland,* 466 U.S. at 688). There is a strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689 (citation omitted). Second, the defendant must show he was actually prejudiced, that is, the outcome would likely have been different but for counsel's deficient performance.

### III. Discussion

Because Mr. Blanca-Leon appealed to the Tenth Circuit, Mr. Blanca-Leon is barred from raising any arguments in his § 2255 motion, except for a claim of ineffective assistance of counsel. Mr. Blanca-Leon has not presented any facts to demonstrate cause for the procedural default and prejudiced suffered as a result, nor has he claimed that the Court's failing to hear his claims would result in a fundamental miscarriage of justice.

The Court will therefore address what appears to be a claim for ineffective assistance of counsel. The Court recognizes that because the Defendant is proceeding pro se the Court must construe his pleadings liberally. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). However, Mr. Blanca-Leon's claim of ineffective assistance of counsel consists of a single line, with no facts or arguments to support it.[1] Moreover, there is nothing in the entire § 2255 motion that supports a claim of ineffective assistance of counsel. The Court is therefore unable to find that counsel erred or that Mr. Blanca-Leon was prejudiced as a result of his counsel's representation.

Accordingly, the Court hereby DENIES Mr. Blanca-Leon's 28 U.S.C. § 2255 motion.

IT IS SO ORDERED.

DATED this 25th day of August, 2008.

_____
Dee Benson
United States District Judge

---

[1] 13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: . . .
<u>(i) Denial of effective assistence [sic] of counsel.</u>

(§ 2255 Motion, at 11.)